**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**SOUTHERN CALIFORNIA EDISON COMPANY**

Plaintiff,

v.

**UNITED STATES OF AMERICA**

Defendant.

Case No. 04-0109C

Judge Baskir

## JOINT PRELIMINARY STATUS REPORT

Pursuant to this Court's Order of April 2, 2004, and the Rules of the United States Court of Federal Claims ("RCFC"), Appendix A, the parties respectfully file their Joint Preliminary Status Report. Where necessary, the parties set forth separate views on points on which they do not agree. In addition, the parties set forth below their views regarding a stay of this action and discovery matters.

This action is based upon a Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste (the "Contract" or "Standard Contract"), between Southern California Edison Company ("SCE"), and the United States, acting through the Department of Energy ("DOE"), the material terms of which are published at 10 C.F.R. § 961.11. Sixty-three cases involving the Government's actions in connection with

spent nuclear fuel and/or high level waste are pending in the Court of Federal Claims. These cases are occasionally referred to by the Court and the parties as Spent Nuclear Fuel ("SNF") cases.

As directed in the Court's April 2, 2004 Order, a list of the other SNF cases, with the status supplied by the Government, is attached at Exhibit A. Additionally, the parties provide the following three dates for a telephonic preliminary status conference:

- May 18, 2004
- June 8, 2004
- June 9, 2004

Counsel for the parties suggest that the status conference be scheduled for the same time and date as the status conference to be convened in PPL Susquehanna, LLC v. United States, No. 04-0070C, also pending before the Court. Because many of the issues to be discussed are the same and counsel for the parties are the same, it may be possible to streamline the discussion and resolution of issues during the status conference.

**Views Regarding Stay and Discovery:**

In notices dated on or about April 12-14, 2004, several judges of the Court invited parties to the "new" SNF cases to provide their views regarding stays of the actions, and regarding certain potential "coordinated discovery" matters. In addition, a status conference was held before Judge

Sypolt on April 30, 2004, in which these and related matters were discussed. At that conference, the parties to the "new" SNF cases in which notices of the conference had been issued were directed to file a status report regarding their positions on stays and discovery, in cases before Judges Sypolt and Chief Judge Damich (which the parties would be happy also to file in this case should the Court so desire). Following are summaries of the parties' positions regarding stays and discovery in this case.

**SCE's View:**

SCE wishes to emphasize that it does *not* presently desire to engage in affirmative or responsive discovery (coordinated or otherwise), or other active litigation such as substantive motion practice. There is at least a reasonable chance that developments in other SNF cases could render some or all of such activities unnecessary in this case, or at a minimum render such activities more efficient should they become necessary.

The damages caused by the Government's failures regarding spent nuclear fuel and high level waste are substantial. As the timing of the filing of this lawsuit near the arguable end of the applicable limitations period suggests, however, SCE does not believe that adversarial litigation against the Government is a preferred option. Although SCE was required to file this lawsuit in order to protect its rights to recover the substantial damages

to which it is entitled, it nevertheless desires to prosecute its case in the most efficient and economical manner possible. For these reasons and in furtherance of these goals, SCE proposes a modest and reasonable stay of the lawsuit. Specifically, SCE respectfully suggests that a temporary stay of all proceedings for six months be entered, and that the parties be directed to file a status report at the conclusion of that six month period regarding the continued desirability of a stay or, if appropriate, recommendations for further proceedings.

SCE does not, however, presently favor an indeterminate stay until "final resolution" of the three so-called "lead cases" identified by the Government in its Motion to Stay in which trial dates have been set, as the Government originally requested. With respect to the supposed similarities between this case and the "lead" cases, for example, SCE's complaint also involves only a single nuclear site as compared to the multiple nuclear sites in *Commonwealth Edison Co. v. United States*, No. 98-621C (Judge Hewitt). Further, as SCE has already constructed an on-site dry storage facility, this case may not involve many of the complexities regarding assessment of future damages that are presented in some of the "lead" cases, including *Indiana Michigan Power Co. v. United States*, No. 98-486C (Judge Hodges). For these and other reasons, it is possible that this case may *not* implicate many of the issues that will likely drive the

damages proceedings in the three “lead” cases cited in the Government’s motion, and some flexibility regarding a stay based upon those cases is therefore appropriate.

With respect to discovery, SCE believes it is premature for the judges of this Court, at this time, to develop or implement any formal coordinated discovery plans. With regard to discovery already taken in other SNF cases, if it ultimately becomes necessary to develop a factual record in this case on so-called “common” issues that have been the subject of discovery in those cases, SCE intends, to the extent practicable, to take advantage of discovery, including depositions, previously provided in the earlier-filed SNF cases. However, as SCE does not yet have access to and use of the discovery material in the earlier-filed SNF cases, SCE cannot determine if such discovery would suffice, and it is not possible at this time for SCE to commit to forego the independent discovery rights to which it is entitled under the Rules.

Because SCE does not believe the scope of the matters that will remain truly disputed in this case can be known at this time, SCE has not yet developed or finalized its discovery plans or objectives with regard to this lawsuit. In light of SCE’s request for a modest and reasonable stay in this lawsuit, SCE respectfully suggests that it is premature for it to attempt to specify any formal discovery plans or schedules at this time.

**The Government's View:**

As previously explained in the Government's motion to stay, a stay of proceedings is necessary in this and the other newly filed cases to allow for the resolution of legal and factual issues that are common to the cases. These issues include the minimum mandatory schedule for the acceptance of spent nuclear fuel ("SNF") and high-level radioactive waste ("HLW") by which the Government was contractually obligated to accept contract holders' SNF and/or HLW; the Government's obligation to accept Greater-Than-Class-C radioactive waste; and the ability of contract holders to recover damages incurred prior to the actual partial breach of the "Standard Contract For Disposal Of Spent Nuclear Fuel And/Or High-Level Radioactive Waste," 10 C.F.R. § 961.11, or to recover damages, under a partial breach of contract theory, that contract holders allege might be incurred sometime in the future. These issues have been or will be squarely presented in the trials that are currently scheduled to occur between now and January 2005. Resolution of these issues in these lead cases will streamline the Court's consideration of the remainder of these cases.

A decision not to stay the newly filed cases will vitiate the "lead" cases process that the Court instituted in response to the Government's previous motion to consolidate the SNF cases. Specifically, the Chief

Judge of this Court selected six cases that it identified as "lead" or "accelerated" cases for the purpose of resolving the legal and factual issues that the Government had presented in various partially-dispositive motions filed in all of the cases existing at that time. One of those cases has already completed a trial regarding the plaintiff's damages, Indiana Michigan Power Co. v. United States, No. 98-486C (Fed. Cl.), three others are scheduled for trial beginning July 12, 2004, Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.), Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Fed. Cl.), & Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Fed. Cl.); and another "lead" case is scheduled for trial beginning late November 2004, Commonwealth Edison Co. v. United States, No. 98-621C (Fed. Cl.).[1] Given the significance of the issues in these cases, we anticipate that the United States Court of Appeals for the Federal Circuit will review the decisions in those cases and that the Federal Circuit's rulings will provide dispositive guidance regarding the threshold issues in all of the SNF cases pending before this Court.

---

[1] No further proceedings have been scheduled in Florida Power & Light Co. v. United States, No. 98-483C (Fed. Cl.), the sixth "lead" or "accelerated" case, pending this Court's resolution of pending motions in that case. However, the Court has scheduled trial in Sacramento Municipal Utility District v. United States, No. 98-488C (Fed. Cl.), to begin in late January 2005.

The Government requests that the stay be entered until March 1, 2005. By this date, all of the currently scheduled trials will be concluded and decisions may be issued in at least some of the cases. At that time, the Court should convene a status conference to determine what further discovery, if any, will be allowed against the Government in a coordinated proceeding and establish an order in which the cases will proceed to trial.

To the extent that the Court does not stay the case, the Government requests that the Court direct that any discovery sought by SCE be conducted on a coordinated basis with the other utility plaintiffs. Without coordination, which would limit the number of hours that any potential deponent would have to sit for deposition and the number of times that the deponent would have to appear, particular witnesses would likely be in repetitive and time-consuming depositions in numerous cases over a course of months or years. The coordinated proceedings would require also that the plaintiffs join together to formulate and serve written discovery requests upon the Government and that counsel for plaintiffs join together to take only one deposition of any Government witness. Absent coordination, the Government will be subject to written discovery requests and Government witnesses will have to sit for deposition in each of these new cases. Proceeding in such a manner will place burdens on the same individuals who are charged with developing and opening a repository so

that DOE can meet its obligations pursuant to the Standard Contract at issue.

Further, in light of the extensive discovery that numerous plaintiffs have already obtained from the Government – including written discovery, the production of hundreds of thousands of pages of documents, and numerous extensive depositions – the Court, before SCE or any other plaintiff is allowed to take additional discovery (including new depositions), should require SCE and the other plaintiffs to identify, with specificity, the specific discovery that they need and the reasons that the discovery which has already occurred does not satisfy those requirements. To date, the Government has produced approximately 833,000 pages of documents in the coordinated discovery proceedings and in response to discovery requests served in the three Yankee cases, Indiana Michigan, and Commonwealth Edison.[2] Sixty-six depositions of 45 Government witnesses have been taken in the coordinated discovery and in Yankee Atomic, Commonwealth Edison and Indiana Michigan. In addition, the Government has provided access to a records database maintained by the Office of Civilian Radioactive Waste Management ("OCRWM"), the office charged

[2] The Government recently produced to the plaintiff in Sacramento Municipal Utility District v. United States, No. 98-488C (Braden, J.), copies of all documents produced to the Yankee plaintiffs, Commonwealth Edison,

with implementing the terms of the NWPA and the Standard Contracts. These documents and depositions have covered "schedule" issues as well as the Government's expected defenses to the plaintiffs' known damages claims and have been produced and conducted as recently as February and March of this year. The Government is prepared to provide these same documents, deposition transcripts, and access to counsel for SCE and impose no conditions upon the use of this material outside the requirements and limitations imposed by the Court's rules and the rules of evidence, once the necessary protective orders have been entered. <u>See</u> section (l), below.

**(a) Does the court have jurisdiction over the action?**

SCE asserts that this court has jurisdiction over the action, pursuant to 28 U.S.C. § 1491(a)(1). Defendant asserts that it has not identified any basis at this time upon which to question the Court’s jurisdiction to entertain this action.

---

and Indiana Michigan since the close of coordinated discovery proceedings as part of its initial disclosures.

**(b) Should the case be consolidated with any other case and the reasons therefor?**

**<u>SCE's View:</u>**

The case should not be consolidated with any other case. The Government has on three occasions sought consolidation of the SNF cases. In response to the most recent such request, the Chief Judge ruled in part that:

> consolidation – even as to the particular issues of rate of acceptance and schedule of acceptance – would not effectuate any greater efficient administration of justice than that of letting the six lead cases proceed with their dispositive motions and/or trial on damages.

*Yankee Atomic Electric Co. v. U.S.*, (No. 98-126 C), filed January 30, 2004.

To the extent that discovery regarding so-called common issues upon which the Government has filed partially-dispositive motions in earlier SNF cases would be necessary, the Government's position is that such discovery should be "coordinated" among all of the plaintiffs in the "new" SNF cases. SCE believes that the sort of partially-dispositive motions that the Government has filed in other cases are not warranted in this case, or, at a minimum, that it is premature to determine whether such motions are sensible and whether any associated discovery will be necessary. SCE therefore believes that it is premature to resolve issues regarding partially "coordinated" discovery.

**<u>The Government's View:</u>**

Defendant has previously requested that the Court reassign all of the spent nuclear fuel cases to a single judge, followed by consolidation for the limited purpose of resolving issues surrounding the spent nuclear fuel acceptance schedule terms of the Standard Contract. The Court has not granted the Government's request. Nevertheless, defendant continues to believe that reassignment and consolidation of the spent nuclear fuel cases, which would permit resolution of issues surrounding the schedule terms that appear in every Standard Contract, is appropriate. Beyond that request for reassignment, defendant has not identified any other case pending before this Court that involves the specific nuclear power plant at issue in this case and, therefore, has not identified any additional reasons for seeking consolidation of this case with any others.

**(c) Should trial of liability and damages be bifurcated and the reasons therefor?**

**<u>SCE's View:</u>**

Trial of liability and damages should not be bifurcated. With respect to liability, the Government's performance failures with respect to spent nuclear fuel and/or high level waste have been held as a matter of law to be breaches of the Standard Contracts. *Maine Yankee Atomic Power Co.*

*v. U.S.*, 225 F.3d 1336 (Fed. Cir. 2000); *Northern States Power Co. v. U.S.*, 224 F.3d 1361 (Fed. Cir. 2000).

**The Government's View:**

Liability for partial breach of contract by the Government of its standard contract with SCE has not been established. Liability for partial breach of contract cannot be established until a determination is made regarding the minimum mandatory schedule for the acceptance of spent nuclear fuel ("SNF") and high-level radioactive waste ("HLW") by which the Government was contractually obligated to accept contract holders' SNF and/or HLW. Defendant believes that the Court should resolve issues involving the acceptance schedule under which the Government is obligated, pursuant to the Standard Contract, to accept plaintiff's spent nuclear fuel (including the rate at which the Government is obligated, under the contract, to accept spent nuclear fuel from all of the contract holders). Once the Court resolves those issues, any further trial proceedings regarding liability and damages should be resolved in a single proceeding.

**(d) Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and the reasons therefor?**

Both parties agree that the Court should issue a modest and reasonable stay of the lawsuit. SCE proposes that a stay be entered for six

months. The Government proposes that a stay be entered until March 1, 2005.

**(e) In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefor and the proposed duration?**

SCE does not intend to seek a remand or suspension. Defendant states that it does not seek a remand of this case at this time, but that the Court should suspend the case for the reasons discussed in the prior section of this report.

**(f) Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to effect joinder?**

**SCE's View:**

SCE does not intend to effect joinder of other parties to this case. Additionally, SCE does not understand the nature of the government's recited concerns regarding potential duplicative recovery by SCE and any other plaintiff, and SCE is therefore not in a position at this time to address the merits of any proposed joinder or consolidation. As a general matter, however, SCE does not believe that its claims for damages will implicate or overlap with the claims of any other party, and SCE would therefore expect

to oppose any effort to join other parties or consolidate this action with any other lawsuit.

**<u>The Government's View:</u>**

Defendant may seek to join General Electric Company to this case or join SCE to two cases brought by General Electric pending before the Court (Nos. 04-107C and 04-108C). In the cases brought by General Electric, General Electric claims damages based upon its alleged status as a third-party beneficiary of Standard Contracts into which other nuclear utilities entered with the Government. SCE may be one of the contract holders with whom General Electric claims third party beneficiary status because, as the Government currently understands, General Electric is storing spent fuel generated at SCE's plant. The Government believes that joinder may be necessary to ensure that all claims against the Government arising from the same contract are resolved in a consistent manner. The Government's investigation of this issue continues. If the Court issues a stay in both this case and the cases brought by General Electric, the Government would move to join the parties at the end of the stay.

**(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, a schedule for the intended filing?**

As noted above, both parties desire this case to be stayed, and therefore desire to defer setting a schedule for the filing of any motions

pursuant to RCFC 12(b), 12(c) or 56. Similarly, both parties believe that the jointly-requested stay will help to inform their decisions regarding their intent to file such motions, and that it is premature at this time to commit to filing such motions.

**(h) What are the relevant factual and legal issues?**

**<u>SCE's View:</u>**

SCE believes the relevant factual issues may involve the costs associated with the actions that SCE has taken, and will be required to take, as a result of the Government's breach of SCE's Standard Contract (although SCE does not expect or concede that such matters will present any *bona fide* contested issues). SCE believes that the major relevant legal issues, *i.e.,* those regarding the Government's breach, have already been determined conclusively as a matter of law. The Government may raise defenses regarding causation and the like that could be determined to be factual or legal issues. As noted above, SCE believes that there is a reasonable chance that further developments in other, earlier-filed SNF cases may obviate the need for the parties to contest, or for the Court to resolve, such issues in this case. On that basis, SCE seeks a temporary stay of this action.

**<u>The Government's View:</u>**

The relevant legal and factual issues in this case include, but may not be limited to, the following:

1. Whether the Government is liable for a partial breach of plaintiff's Standard Contract;

2. The basis and scope of any liability for the partial breach of the Standard Contract;

3. The contractually required schedule for the Department of Energy's acceptance of spent nuclear fuel and/or high-level radioactive waste;

4. The appropriate measure of the plaintiff's damages, if any, arising from any partial breach of the Standard Contract;

5. Whether the Government breached its duty of good faith and fair dealing; and

6. Whether the Government is obligated to accept Greater-Than-Class-C low-level radioactive waste pursuant to the Standard Contract.

**(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

The parties have not foreclosed reasonable settlement of this lawsuit, and are committed to engaging in settlement discussions and negotiations at the appropriate time. The parties will comply with the procedures

outlined in this Court's Special Procedures Order, filed March 30, 2004, specifically as it relates to settlement and Alternative Dispute Resolution.

**(j) Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, the reasons why the case is appropriate therefor? A request for expedited trial scheduling is generally appropriate when the parties anticipate that discovery, if any, can be completed within a 90-day period, the case may be tried within 3 days, no dispositive motion is anticipated, and a bench ruling is sought. The requested place of trial shall be stated. Before such a request is made, the parties shall confer specifically on this subject.**

The parties do not request expedited trial scheduling. Eventually, if the case is not resolved by settlement, the parties anticipate proceeding to trial.

**(k) Are there special issues regarding electronic case management needs?**

There are no special issues regarding electronic case management needs.

**(I) Is there other information of which the court should be aware at this time?**

The Government requests that the Court enter the same protective order in the new cases that Judge Sypolt previously entered in other cases on May 9, 2002, as well as the order governing access to the RIS-web that Judge Sypolt entered on February 1, 2002. These orders must be entered prior to the production of documents and granting of access to DOE's records database previously provided to counsel in the other utility cases. In addition, the Government respectfully requests that the Court enter the e-mail preservation order that was entered in the prior SNF cases on November 8, 2001, to confirm the parties' obligations to preserve and search e-mail tapes. Absent this order, the Government may be subject to inconsistent and onerous requirements for the production of e-mail.

SCE does not anticipate a problem, as a general matter, with the entry of such orders, but desires the opportunity to review them. Both parties suggest that these matters might be taken up at the status conference.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch,

s/ Brad Fagg
BRAD FAGG
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5191 – telephone
(202) 739-3001 – facsimile

s/ Marian E. Sullivan
MARIAN E. SULLIVAN
Trial Attorney
Commercial Litigation Branch,
Civil Division
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
(202) 307-0365 – telephone
(202) 307-2503 – facsimile

of Counsel:
Paul M. Bessette
MORGAN, LEWIS & BOCKIUS, LLP

Attorneys for Plaintiff
Southern California Edison Company

Attorneys for Defendant

May 14, 2004

# CERTIFICATE OF FILING

I hereby certify that on this 14th day of May 2004, a copy of foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Marian E. Sullivan