**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**SOUTHERN CALIFORNIA EDISON COMPANY**

Plaintiff,

v.

**UNITED STATES OF AMERICA**

Defendant.

Case No. 04-0109C

Judge Baskir

## JOINT STATUS REPORT

Pursuant to the Court's order dated March 1, 2005, the parties respectfully file this joint status report and jointly request a limited extension of the current stay in this case, until March 31, 2006. The parties believe that—in the circumstances of this case—the interests of efficiency and economy support the currently-requested defined extension of the stay. Indeed, savings of the significant costs of discovery concerning many issues that the parties agree might be dispositively resolved in other cases are among the chief reasons for continuing the current stay for the defined period. When it becomes prudent for this case to go forward, the parties would expect to do so efficiently and expeditiously, and will be prepared to do so.

This action is based upon a Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste ("Standard Contract") between various utilities and the United States, acting through the Department of Energy ("DOE"), the material terms of which are published at 10 C.F.R. § 961.11. Approximately fifty-nine cases involving the Government's actions in connection with spent nuclear fuel ("SNF") and/or high-level waste ("HLW") are currently pending in the Court of Federal Claims.[1]

All parties agree that the Court should issue a modest and reasonable continuation of the stay of all proceedings, including discovery, until March 31, 2006. The parties do not presently desire to engage in affirmative or responsive discovery, or other active litigation such as substantive motions practice. This is because there is at least a reasonable chance that the dispositive resolution of legal and factual issues in previously-filed cases in which similar claims are being pursued by other plaintiffs could render some or all of such activities unnecessary in this case, or at a minimum render such activities more efficient should they

[1] Five other cases have been dismissed voluntarily or by joint stipulation, while a sixth case, Indiana Michigan Power Co. v. United States, 98-486C (Fed. Cl.), is on appeal of this Court's final judgment. A request for interlocutory review is also pending before the Federal Circuit in PSEG Nuclear, LLC v. United States, No. 01-551C.

become necessary. These issues may include, among others, so-called "rate issues," or the minimum mandatory schedule for the acceptance of SNF and HLW by which the Government was contractually obligated to accept contract holders' SNF and/or HLW, and issues regarding recovery of damages under a partial breach of contract theory that will be alleged to occur in the future. These issues have been or are expected to be presented in the trials that are currently scheduled to occur during the coming year.[2] Resolution of these issues in such cases could facilitate agreements by the parties in this lawsuit, or at a minimum, inform the Court's consideration of such issues if they remain contested and require resolution in this case. Moreover, definitive resolution of those issues could potentially affect the scope of pre-trial discovery in a dramatic way – for example, by eliminating the need to engage in discovery regarding so-called “future” damages.

The parties request that the stay be continued until March 31, 2006. By this date, there may be guidance from the Federal Circuit, and trials or

[2] Six of those cases already have completed trials regarding the plaintiffs’ damages, Indiana Michigan Power Co. v. United States, No. 98-486C (Fed. Cl.), Yankee Atomic Electric. Co. v. United States, No. 98-126C (Fed. Cl.), Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Fed. Cl.), Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Fed. Cl.), Sacramento Municipal Utility District v. United States, No. 98-488C, and Tennessee Valley Authority v. United States, No.01-249. The Court issued a decision in Indiana Michigan, which was appealed and in which oral argument occurred on June 6, 2005. A trial is scheduled for October 2005 in Southern Nuclear Operating Company v. United States, 98-614C.

decisions may be issued in at least some of these cases. At that time, the Court should allow the parties to submit another status report identifying their positions regarding further activity in the case in light of the status of activities in other cases.

As noted above, the parties desire this case to be stayed, and therefore desire to defer setting a schedule for the filing of any dispositive motions. Similarly, the parties believe that the jointly-requested stay will help to inform their decisions regarding their intent to file such motions and what discovery might be necessary, and that it is premature at this time to commit to filing such motions or to engage in active discovery. Finally, should the Court determine that it desires to lift the stay over the objection of the parties, the parties respectfully request that the Court schedule a status conference first, so that they may be heard more fully on these issues.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch,

s/ Brad Fagg
Brad Fagg
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5191 – telephone
(202) 739-3001 – facsimile

of Counsel:
Paul M. Bessette
MORGAN, LEWIS & BOCKIUS, LLP

Attorneys for Plaintiff
Southern California Edison
Company

s/ Marian E. Sullivan
MARIAN E. SULLIVAN
Trial Attorney
Commercial Litigation Branch,
Civil Division
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
(202) 305-7562 – telephone
(202) 305-7643 – facsimile

Attorneys for Defendant

August 10, 2005

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 10th day of August, 2005, the foregoing was filed with the Court electronically, and service is thereby deemed to have been made upon all counsel of record.

s/ Paul Bessette