**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**SOUTHERN CALIFORNIA EDISON COMPANY**

Plaintiff,

v.

**UNITED STATES OF AMERICA**

Defendant.

Case No. 04-0109C

Judge Baskir

**Plaintiff's Motion For Leave To File Supplemental and Amended Complaint**

Pursuant to the Court's order dated June 5, 2006, Plaintiff Southern California Edison Company ("SCE") respectfully submits the following motion for leave to file a supplemental and amended complaint. The purposes of the supplemental and amended complaint are to make clear: (a) that in the current proceedings, SCE will only be seeking to recover damages incurred through December 31, 2005, and (b) that SCE maintains the right to pursue in subsequent proceedings damages incurred after December 31, 2005, pursuant to *Indiana Michigan Power Company v. United States*, 422 F.3d 1369, 1377 (Fed. Cir. 2005) and the authorities cited therein. The proposed supplemental and amended complaint is

attached as Exhibit A.

**BACKGROUND**

SCE filed the original complaint in this action on January 29, 2004. In that original complaint, SCE asserted claims for partial material breach of contract and breach of the contractual duty of good faith and fair dealing. SCE noted that, pursuant to its contract with the United States Department of Energy (DOE), DOE was to commence accepting spent nuclear fuel and high level waste (SNF) on or before January 31, 1998, and that the DOE breached the Standard Contract by failing to accept SNF as required. SCE generally identified the nature of the damages it had incurred, and was continuing to incur, in connection with on-site and off-site storage. Complaint ¶ 37. In its original complaint SCE did not limit the damages sought to any particular time period. SCE alleged that it "has incurred, and will continue to incur, significant damages as a direct and proximate result of Defendant's partial material breach of the Standard Contract," Complaint ¶ 44, and that "[a]s a direct and proximate result of Defendant's partial material breach, plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial." Complaint ¶ 45.

In a decision in another spent nuclear fuel damages case that became final in December 2005, the United States Court of Appeals for the

Federal Circuit ruled, in part, that "a claim for partial breach precludes an award of future damages." *Indiana Michigan*, 422 F.3d at 1375. Quoting the trial court with approval, the Federal Circuit observed that "'[i]f the breach is partial only, the injured party may recover damages for any nonperformance only to the time of trial and may not recover damages for anticipated future nonperformance.'" *Id.* (emphasis deleted). With regard to such future damages, the Federal Circuit held that a plaintiff can "obtain recovery for post-breach damages as they are incurred." *Id.,* 422 F.3d at 1376.

In status reports filed in April 2006, SCE requested that the stay of the case be lifted, in large part due to the ruling in *Indiana Michigan*. In proceedings on May 24, 2006, the parties and the Court discussed the anticipated period for which SCE would seek damages, and SCE's willingness to file a supplemental and amended complaint to that effect. By order dated June 5, 2006, the Court lifted the stay of proceedings, and stated that "[i]f plaintiff intends to file an Amended Complaint in this case, it shall do so no later than July 31, 2006." June 5, 2006 Order.

## DISCUSSION

SCE is agreeable to limiting the time period for which damages will be sought in the present proceedings to the period prior to December 31,

2005, conditioned upon the right to pursue damages incurred after that date in future proceedings. The government has taken the position in other cases that, pursuant to *Indiana Michigan*, damages may only be sought up to the time of the filing of complaint. Under the government's view and as matters now stand, any damages incurred by SCE after January 29, 2004 would therefore be unrecoverable in the current proceedings. As noted, in the present proceedings SCE desires to recover damages incurred through December 31, 2005. While SCE does not necessarily agree with the government's interpretation of *Indiana Michigan* in this regard, any substantive issues or potential disputes concerning such matters are easily curable—SCE hereby requests leave to file a supplemental and amended complaint, which will allow recovery of the damages incurred through December 31, 2005, even under the government's view.

The specific new allegations in the proposed amended and supplemental complaint are contained in three paragraphs and the prayer for relief. A revised Paragraph 37 makes clear that costs associated with the described activities incurred on or before December 31, 2005 (including those from January 29, 2004 until December 31, 2005) are presently being sought, with recovery of subsequent costs reserved for future proceedings. Paragraphs 45 and 50, and the prayer for relief, similarly make clear the

time period for which damages are presently being sought, and SCE's reservation of rights to pursue subsequent damages in future proceedings.

It is well settled that "[a] supplemental pleading . . . may set forth new facts in order to update the earlier pleading, or change the amount or nature of the relief requested in the original pleading." 6A Charles Alan Wright, et al., *Federal Practice & Procedure* § 1504, at 177-78 (2d ed. 1990); *see also Intrepid v. Pollock*, 907 F.2d 1125 (Fed. Cir. 1990). Rule 15(d) itself provides that a supplemental complaint may set forth "occurrences or events which have happened since the date of the pleading sought to be amended." SCE's proposed supplemental and amended complaint changes the amount and nature of the relief requested (by limiting presently-sought damages to those incurred prior to December 31, 2005), and sets forth occurrences or events which have happened since the date of the pleading sought to be amended (*i.e.,* the continued occurrence of damages after the filing of the original complaint). The supplemental and amended complaint therefore falls squarely within the circumstances contemplated by RCFC 15(d).

The critical corollary, or course, is that SCE receive assurance that the significant damages it is has incurred and will continue to incur after December 31, 2005 be recoverable in subsequent proceedings, and not be

subject to some sort of bar or argued merger defense. The Federal Circuit specifically addressed such matters in *Indiana Michigan*, and it is now settled that SCE will be able to "obtain recovery for post-breach damages as they are incurred." *Indiana Michigan*, 422 F.3d at 1376 ("We agree with the exceptions to the rules of merger and bar set out in Restatement (Second) of Judgments, §§ 26(1)(b) and (e)."). Accordingly, the Court should confirm, pursuant to *Indiana Michigan* and the Restatement (Second) of Judgments, §§ 26(1)(b) and (e), that SCE has reserved its right to maintain subsequent actions for damages incurred after December 31, 2005.

## CONCLUSION

For the reasons stated above, SCE requests that leave be granted for the filing of the proposed supplemental and amended complaint, pursuant to RCFC 15(a) and (d).

In addition, SCE requests that the Court issue an order confirming SCE's right to pursue in subsequent proceedings damages incurred after December 31, 2005, pursuant to the exceptions to the rules of merger and bar set out in the Restatement (Second) of Judgments, §§ 26(1)(b) and (e), as expressly adopted by the Federal Circuit in *Indiana Michigan*, 422 F.3d at 1377.

Respectfully submitted,

s/ Brad Fagg

Brad Fagg
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5191 – telephone
(202) 739-3001 – facsimile

Of Counsel:
Paul M. Bessette
MORGAN, LEWIS & BOCKIUS, LLP

Attorneys for Plaintiff
Southern California Edison Company

July 31, 2006

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 31st day of July, 2006, the foregoing was filed with the Court electronically, and service is thereby deemed to have been made upon all counsel of record.

s/ Brad Fagg