IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SOUTHERN CALIFORNIA EDISON COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-109C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE SUPPLEMENTAL AND AMENDED COMPLAINT

Defendant, the United States, respectfully responds to the motion for leave to file its amended and supplemental complaint filed by plaintiff, Southern California Edison Company ("SCE"), on July 31, 2006.

SUMMARY OF THE ARGUMENT

We do not oppose SCE's motion to amend or SCE's proposal that any trial on damages, when scheduled, include consideration of damages allegedly incurred by SCE through and until December 31, 2005. However, we disagree with SCE's request for an order from the Court, "confirming SCE's right to pursue in subsequent proceedings damages incurred after December 31, 2005." Plaintiff's Motion ("Pl. Mtn.") at 6. The Court need not enter such an order because the decision by the United States Court of Appeals for the Federal Circuit in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), provides that any damages incurred after that date must be brought in subsequent suits. As the Federal Circuit held, a partial breach claimant, like SCE, may "sue from time to time for the damages incurred to the date of suit," which was defined as "the time of the institution of the action." Id. at 1377 (quoting

Restatement (Second) of Judgments § 26(e) & cmt. g (1982). Therefore, SCE may only recover damages incurred as of the filing of its most recent complaint, and must bring another suit to recover damages incurred after that date.

## ARGUMENT

### I. DEFENDANT DOES NOT OPPOSE SCE'S MOTION TO SUPPLEMENT ITS COMPLAINT

Through its motion, SCE seeks to supplement its complaint to include claims for damages incurred through December 31, 2005, resulting from the partial breach of the Standard Contract by the Department of Energy ("DOE"). See First Amended And Supplemental Complaint ¶¶ 45, 50.[1] In its motion, SCE also requests that the Court, at

---

[1] In its motion for leave, SCE refers to its complaint as a "supplemental and amended complaint," Pl. Mtn. at 5, and relies upon both RCFC 15(a) and 15(d) to support its motion. Pl. Mtn. at 6. However, SCE's proposed complaint does not technically seek to "amend" SCE's complaint, as permitted by RCFC 15(a), to allege matters that existed at the time of its original complaint but that it inadvertently overlooked. Instead, as SCE acknowledges, its new complaint seeks to "limit[] presently sought damages to those incurred prior to December 31, 2005," and to "set[] forth occurrences or events which have happened since the date of the pleading sought to be amended (*i.e.*, the continued occurrence of damages after the filing of the original complaint)." Pl. Mtn. at 5. As a result, SCE's motion for leave should more properly be considered under RCFC 15(d), which relates to supplemental pleadings, and not RCFC 15(a).

"The function of Rule 15(a), which provides generally for the amendment of pleadings, is to enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint . . . ." 6 C. Wright, A. Miller, & R. Marcus, Federal Practice & Procedure § 1473, at 520 (2nd ed. 1990). Conversely, RCFC 15(d) permits a party to seek leave from the Court to "permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." RCFC 15(d). "Although Rule 15(a) does not expressly state that an amendment must contain only matters that occurred within a particular time period," 6 C. Wright, A. Miller, & R. Marcus, supra, § 1473, at 520, based of Rule 15(a)'s relationship to Rule 15(d), "impliedly, an amended pleading . . . only should relate to matters that have taken place prior to the date of the earlier pleading." Id. at 521; see 6A C. Wright, A. Miller, & R. Marcus, Federal Practice & Procedure § 1504, at 183-84 (2d ed. 1990) (Rule 15(a)

the trial to be held in this matter, consider the damages allegedly incurred by SCE through December 31, 2005.

Defendant does not oppose this motion to supplement or SCE's suggestion that, following the filing of that supplemental complaint, it should be able to litigate damages through December 31, 2005, in this case. As the Federal Circuit held in Indiana Michigan, a plaintiff in a partial breach case may only seek to recover damages incurred prior to the date of its complaint. In this case, SCE has filed or sought to file two complaints – the original complaint in 2004, and the first supplemental complaint that is the subject of the pending motion. Both of these complaints present new claims arising from the continuing partial breach of contract between SCE and DOE. The claims underlying each of these complaints should be properly considered together because it will be more convenient for the Court and the parties to litigate all of the currently existing claims together. 6A C. Wright & A. Miller, Federal Practice & Procedure § 1506 (2d ed. 1990). Given the proposed cutoff of the consideration of damages at December 31, 2005, the Government will be able properly to examine the support for SCE's claims for costs allegedly already incurred, conduct any necessary discovery, and properly prepare for trial based upon actual cost data (rather than mere estimates or future projections). The examination of any claim for damages incurred after December 31, 2005, may be left for trial in future cases.

---

"relate[s] to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading; [Rule 15(d)] deal[s] with events subsequent to the pleading to be altered and merely represent additions to or continuations of the earlier pleadings"). Although "[a] technical misnomer of this type is immaterial . . .," 6 C. Wright, A. Miller, & R. Marcus, supra, § 1473, at 521, the Court should consider SCE's motion, but should do so pursuant to RCFC 15(d), rather than RCFC 15(a).

As the Federal Circuit held in Indiana Michigan, in a suit for partial breach, "subsequent claims for future damages are considered to accrue for the purposes of the statute of limitations at the time the damages are incurred." 422 F.3d at 1378. Here, because SCE filed its original complaint in 2004 and now seeks to file a supplemental complaint in 2006, all time periods since the suit was instituted are covered and there are no statute of limitations issues that would complicate SCE's motion to supplement its original complaint. Therefore, SCE may properly seek to present evidence of damages allegedly incurred through December 31, 2005 once its supplemental complaint is filed.

II. THE COURT NEED NOT ISSUE AN ORDER REGARDING SCE'S ABILITY TO BRING FUTURE SUITS BECAUSE THAT ISSUE WAS DECIDED BY THE FEDERAL CIRCUIT IN *INDIANA MICHIGAN*

Although SCE seeks to supplement its complaint to permit the consideration of damages to those incurred prior to the filing of that supplemental complaint, SCE also asks the Court to "issue an order confirming SCE's right to pursue in subsequent proceedings damages incurred after December 31, 2005, pursuant to the exceptions to the rules of merge and bar set our in the Restatement (Second) of Judgments §§ 26(1)(b) and (e), as expressly adopted by the Federal Circuit in Indiana Michigan, 422 F.3d at 1377." Pl. Mtn. at 6. Because the Federal Circuit has already "expressly adopted" these exceptions, the Court need not issue this order.

In the original proceedings before the trial court in Indiana Michigan Power Co. v. United States, 60 Fed. Cl. 639 (2004), aff'd, 422 F.3d 1369 (Fed. Cir. 2005), the plaintiff, Indiana Michigan Power Company ("IMP"), had asserted that it was entitled to recover damages beginning in 1989 (based upon its alleged belief in 1989 that DOE would

partially breach the contract in 1998) and extending approximately 40 years beyond the 1998 partial breach. Like SCE, IMP did not assert that DOE had committed a total breach of the Standard Contract, but instead claimed only that DOE had partially breached that contract. This Court, after an extensive trial upon IMP's damages claims, found that the nature of IMP's breach claim – a partial, rather than total, breach – affected its ability to recover future damages.

This Court found that, unlike a claimant in a total breach case, a partial breach claimant cannot recover damages into the future that it had not yet incurred. Id. at 648. Instead, this Court, relying in part upon a California court decision, Coughlin v. Blair, 41 Cal. 2d 587, 262 P.2d 305 (1953), found that the partial breach claimant was limited to those damages that it had incurred as a result of partial breaches up to the "date of trial." Indiana Michigan, 60 Fed. Cl. at 648. This Court also found that the partial breach claimant was entitled to return to court as it incurred damages in response to future partial breaches. Id.

On appeal to the Federal Circuit, IMP challenged the trial court's holdings regarding a partial breach claimant's ability to recover future damages in a single action, arguing that a partial breach claimant should be permitted to recover damages beyond the date of trial and that the claimant should not have to return to court to seek additional damages after they have been incurred. In our response to IMP's future damages argument, we informed the appellate court that, according to section 26(1)(e) of the Restatement (Second) of Judgments, a partial breach claimant, unlike a total breach claimant, cannot recover future damages for future partial breaches that it

anticipates will occur, but that the partial breach claimant may return to court in the future after it has actually incurred those costs.

In its decision, dated September 9, 2005, the Federal Circuit agreed that, in a partial breach case, future damages are not recoverable. It found that, instead, "when a party sues for partial breach, it retains the right to sue for damages for its remaining rights to performance." Indiana Michigan, 422 F.3d at 1377 (citing Restatement (Second) of Contracts § 236(2) (1981)). The Federal Circuit further held that "subsequent claims for future damages are considered to accrue for the purposes of statute of limitations at the time such damages are incurred." Id. at 1378. Spent nuclear fuel plaintiffs that allege a partial breach of contract "must bring any future actions for damages related to DOE's breach of the Standard Contract within six years of incurring such damages." Id.

Under Indiana Michigan, SCE may not recover damages that post-date the filing of its complaints in this case. See Indiana Michigan, 422 F.3d at 1376-78 (adopting the rule set forth in Restatement (Second) of Judgments § 26(e)). The jurisdiction of this Court is determined by reference to the partial breaches existing upon the date that the complaint or complaints in this case were filed. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989). Under the breach of contract theory that SCE elected to pursue – a partial, rather than total, breach of contract theory – the damages that it may recover in this action are limited to those that were incurred by the time that it filed its original or supplemental complaints. Restatement (Second ) of Judgments § 26(1)(e). Claims for damages incurred subsequently must be brought in a later suit. Indiana Michigan, 422 F.3d at 1377.

CONCLUSION

For the foregoing reasons, defendant does not oppose SCE's motion to supplement its complaint and concurs in SCE's suggestion that trial in this matter be limited to consideration of damages allegedly incurred through December 31, 2005. However, we disagree with SCE's request that the Court issue an order "confirming" SCE's ability to bring suit in the future to recover damages incurred after the date of the filing of its most recent complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Marian E. Sullivan
MARIAN E. SULLIVAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0365
Fax: (202) 307-2503

August 16, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 16th day of August 2006, a copy of foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AND AMENDED COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Marian E. Sullivan