# In the United States Court of Federal Claims

Case No. 04-0109C
(Filed: August 17, 2006)

*********************************************************
SOUTHERN CALIFORNIA EDISON COMPANY, *
*Plaintiff,* *
*
v. *
*
THE UNITED STATES OF AMERICA, *
*Defendant.* *
*********************************************************

**PROTECTIVE ORDER**
***Revised: August 16, 2006***

**This Protective Order is not permanent. It will remain in effect only so long as the Court deems it necessary to safeguard the affected information.**

The Court has determined that certain information involved in this action should be protected from disclosure. It is **ORDERED** that protected information shall be subject to the following:

1. **"Protected Information" means:**

a. Confidential, financial, trade secret, privileged, competitively sensitive information, or records falling within the scope of the Privacy Act, 5 U.S.C. § 552a, contained in any document produced, filed, or served by the parties or a third party, that is designated as protected by a party or third party; and

b. Confidential, financial, trade secret, privileged, competitively sensitive information, or records falling within the scope of the Privacy Act, 5 U.S.C. § 552a, contained in any deposition, testimony, affidavit taken or provided during this litigation that is designated as protected by a party or third party.

c. Subject to the provisions of Paragraph 9 below, material shall be deemed Protected Information when so designated in the manner described in Paragraph 2 below. After production of any "Protected Information," all copies made of that material, and all notes made therefrom and all references made thereto, of any kind whatsoever, shall also constitute "Protected Information."

d. However, the designation by a party that information is protected does not constitute a determination by the Court.

e. In the event a party wishes to designate as Protected Information documents produced by non-parties to this action, it will do so by marking any such document as required by Paragraph 6, and providing copies of the documents so stamped to the opposing party within 30 days of receiving the documents provided by the non-party. Until the 30-day period has expired, the documents shall be treated as Protected Information.

f. The parties shall have 30 days from the date of this Order to designate documents already produced in this action as Confidental Material.

g. In designating information as confidential, the designating party will make such designation only as to the information that the designating party in good faith believes (and that counsel for that party certifies) contains information entitled to protection in conformity with the standards of RCFC 26(c).

2. The designation of Protected Information may be made by the disclosing party by placing or affixing on each page of documents disclosed the following language:

> PROTECTED MATERIAL TO BE DISCLOSED ONLY
> IN ACCORDANCE WITH U.S. COURT OF FEDERAL
> CLAIMS PROTECTIVE ORDERS IN SPENT NUCLEAR
> FUEL LITIGATION.

3. The following persons are admitted to this Protective Order:

   a. The legal counsel who are directly involved in this litigation;

   b. Paralegal, clerical, and administrative support personnel assisting counsel in this litigation;

   c. U.S. Court of Federal Claims personnel;

   d. U.S. Department of Justice, Commercial Litigation Branch, Civil Division personnel;

   e. Other Department of Justice personnel, as necessary, for purposes of settlement and appeal; and

   f. Attorneys for plaintiffs in spent nuclear fuel cases in which the U.S. Court of Federal Claims has entered a protective order.

4. Protected Information shall be used by the receiving party solely for the purpose of conducting litigation in the spent nuclear fuel cases pending in the U.S. Court of Federal Claims and not for any business or other purpose whatsoever, except as provided in this protective order. Nothing contained in this protective order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Protected Information consistent with this agreement and protective order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

5. a. **Other than the persons identified in Paragraph 3, a person seeking access to Protected Information shall first read this Protective Order and execute a copy of Appendix A, the Application for Access to Materials Under Protective Order. The party seeking to have this person granted access shall then provide a copy of the executed application to the other parties.** Any party who has an objection shall inform the party seeking access within **two (2) business days** of receipt of the application. These parties shall then endeavor to resolve this matter amongst

themselves. If the party seeking access and the objecting party are unable to reach agreement, the party seeking access may present the matter to the Court by application. A person shall not be given access unless and until the Court authorizes such access.

**Contrary to any previous understanding of the parties, this Section applies to all employees and officers of the Plaintiff.** Employees and officers of the Plaintiff, to whom it is necessary that confidential information be shown for the purposes of this action, shall execute a copy of the Application in Appendix A, and that Application shall be provided to the other parties in accordance with the procedures set forth in this Section.

b. In the event that an entity entrusted with law enforcement or national security should need to obtain access to the Protective Order in a confidential manner, it may file under seal an *ex parte* application to be admitted under this Protective Order. The entity's *ex parte* application must make sufficient showing as to why the entity should be admitted without notice to other parties.

c. Notwithstanding anything to the contrary in this Order, any party may use without restriction:

(i) its own documents or information;

(ii) documents or information concerning or reflecting transactions or communications to which it was a party; and

(iii) documents or information developed or obtained independently of discovery in this action, irrespective of whether such document or information has been designated as Protected Information.

6. a. The Court hereby authorizes the parties to make all filings containing Protected Information electronically, in the appropriate sealed filing portion of the Court's Electronic Case Filing System. Protected Information filed, served, or provided as courtesy copies, and proposed redacted documents (other than a pleading, to which Paragraphs 7(a) and (b) apply), shall be in a sealed parcel containing the legend **"PROTECTED INFORMATION ENCLOSED"** conspicuously placed on the outside of the parcel. A copy of the

certificate of service identifying documents being filed should be attached to the front of each envelope.

b. The Title page and each page containing Protected Information, including those filed electronically, shall be clearly marked as follows:

**PROTECTED/CONFIDENTIAL INFORMATION**
**TO BE DISCLOSED ONLY IN ACCORDANCE WITH**
**U.S. COURT OF FEDERAL CLAIMS**
**PROTECTIVE ORDER**

c. The Clerk of the Court will maintain properly marked protected pleadings or materials under seal, whether in paper form or if electronically filed. The Clerk is further directed to file as a public document any filing not in conformity with these requirements.

7. Submissions to the Court containing Protected Information must be in two versions, a confidential version and a redacted, public version. **The redacted, public version shall be filed within seven calendar days of the filing of the confidential version.**

a. The confidential version must identify the specific portion of the material for which any party has claimed protection **by highlighting or otherwise conspicuously marking the Protected Information.** A party proposing to file a submission must identify all information which it has reason to believe is protected by this Order.

b. The redacted version shall be marked as such in a conspicuous manner on the cover page. Protected Information shall be blacked out or deleted in a manner which indicates that material has been removed. **The redacted copy shall be filed with the Court and shall be publicly available.**

8. **A party proposing to file a submission that contains or might contain Protected Information of another party shall consult with the other parties to determine what additional material in the pleading they might wish to have protected.** The proposing party shall consult sufficiently in advance of the filing date to allow a considered response. The receiving party shall respond promptly to the inquiry.

9. a. **Any party may, at any time, object to another party's designation of particular information as protected.** If the parties are unable to resolve the matter by agreement, counsel for the objecting party may submit the matter to the Court for resolution. Until the Court resolves this matter, the disputed information shall be treated as protected.

b. The party seeking to maintain the confidentiality of the information shall have the burden of establishing that the document or testimony is entitled to protected treatment.

10. Each person covered by this Protective Order shall take all necessary precautions to prevent public disclosure of Protected Information, including but not limited to physically securing, safeguarding and restricting access to the protected information, and preventing unauthorized use of an attorney's CM/ECF login and password. **The confidentiality of information learned pursuant to this Protective Order shall be maintained until the Court provides otherwise.**

11. A party whose information has been designated as protected may at any time waive the protection of this Protective Order by advising counsel for all parties in writing, identifying with specificity the information to be removed from the Protective Order. **The failure of a party to strictly comply with this Protective Order,** especially Paragraphs 6(a) and (b), with regard to the marking of Protected Information, or with Paragraphs 7(a) and (b), with regard to the prompt filing of redacted, public copies, **may result in a Court Order removing the information or the submission as a whole from the protection of this Order.**

12. **A party may seek relief from this Protective Order by appropriate motion served on all other parties.**

13. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as containing protected information, and thereafter the designated document shall be treated in accordance with this protective order or returned to the producing party if the material is identified as privileged.

14. Counsel for the parties shall promptly report any breach of the provisions of this Protective Order to counsel for the other parties. Counsel shall immediately take appropriate action to cure the violation and retrieve any Protected Information that may have been disclosed to persons not admitted to this Protective Order. The parties shall cooperate in determining the reasons for the breach.

15. a. If a subpoena or document demand in another action seeks Protected Information in this action, the recipient, within **24 hours** of receipt, shall provide the party whose Protected Information is sought notice by telephone, and within **48 hours** of receipt, written notice by mail, hand, or facsimile. If the other party objects, the recipient shall not disclose that information except by Court Order.

b. The Defendant shall take all proper steps necessary to prevent any other disclosure of such Protected Information, whether pursuant to the Freedom of Information Act, or otherwise.

16. This Protective Order does not waive any objection or claim of privilege.

17. a. Within **30 days** of the conclusion of this action (including any and all appeals and remands), each party must file a **motion** with the Court **designating which information they believe should remain protected even though this action has been concluded, the justification for the protection, the duration of the protection, and the specific harm that will be incurred if their motion is not granted.** The Court will review the parties' motions and issue a Final Protective Order.

b. Within **30 days** of the Court's ruling on the motions filed pursuant to Paragraph 17(a) and its issuance of a Final Protective Order, **counsel for each party shall** undertake reasonable and prudent efforts to return all original Protected Information to the disclosing party and to destroy all copies of and all notes, summaries, and references relating to such Protected Information and, further, the parties shall certify to the Court that such reasonable and prudent efforts have been undertaken.

c. Counsel for each party may retain one copy of any Protected Information in its master file for this case, including one copy of any notes or summaries relating to such Protected Information, provided that any copies of any Protected Information or notes or summaries relating to such Protected Information are clearly stamped with the legend identified in Paragraph 2 of this protective order or a similar legend indicating that the materials are subject to this protective order.

d. Upon a showing of good cause, the Court may extend the Final Protective Order. A party seeking continued confidential treatment for Protected Information may submit a motion **60-90 days prior to the expiration of the Final Protective Order**. The motion shall designate the information the party seeks to continue to protect, the justification for the continued protection, the duration of the continued protection, and the specific harm that the party will incur if the motion is not granted. If the parties do not timely file a motion to extend the Final Protective Order, the information will be released on the 30th day after the expiration of the original Final Protective Order.

18. For information sought that is or may be covered by the Privacy Act, defendant, in response to any discovery properly propounded pursuant to the Rules of the United States Court of Federal Claims, is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11), to release to opposing counsel in these cases records which are relevant to this action, and which may be subject to the Privacy Act, without obtaining prior written consent of the individual to whom such records pertain. Such disclosures shall be deemed authorized by law.

**19. An individual not admitted under this Protective Order seeking access to protected information must file with the Court a formal written request to review sealed or redacted portions of the record. Upon receipt of this request, the Court will notify the parties. Within 5 days of notification, parties subject to the Protective Order shall advise the Court on the need for continued protection of that information.**

**IT IS SO ORDERED.**

s/ Lawrence M. Baskir
LAWRENCE M. BASKIR
Judge

APPENDIX A

# In the United States Court of Federal Claims

Case No. 04-0109C
Judge Lawrence M. Baskir

*********************************************
SOUTHERN CALIFORNIA EDISON *
COMPANY, *
*Plaintiff,* *
v. *
*
THE UNITED STATES OF AMERICA, *
*Defendant.* __________*
*
*********************************************

**APPLICATION FOR ACCESS TO MATERIALS UNDER PROTECTIVE ORDER**

I have read the annexed Protective Order, understand its contents, and hereby undertake to make no disclosures of Protected Information to any person who is not admitted to this Order. I agree to use Protected Information only in connection with this litigation. I understand that a violation of this undertaking could be punishable as contempt of Court and I hereby submit to the jurisdiction of the U.S. Court of Federal Claims for purposes of enforcement of the annexed Protective Order.

Date: ________ Name: ______________________
(Print or type)

Signature: ______________________

SWORN TO AND SUBSCRIBED

before me this ____ day

of _______, ______