**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**SOUTHERN CALIFORNIA EDISON COMPANY**

Plaintiff,

v.

**UNITED STATES OF AMERICA**

Defendant.

Case No. 04-0109C

Judge Baskir

**Plaintiff's Reply In Support of Motion For Leave To File Supplemental and Amended Complaint**

In its response to the motion by plaintiff Southern California Edison Company (SCE) to file a supplemental and amended complaint, the government states that it does not oppose the filing of the supplemental and amended complaint.

SCE also requested in its motion that the Court's order confirm SCE's right to pursue in subsequent proceedings damages incurred after December 31, 2005, pursuant to the exceptions to the rules of merger and bar set out in the Restatement (Second) of Judgments, §§ 26(1)(b) and (e), as expressly adopted by the Federal Circuit in *Indiana Michigan Power Company v. United States*, 422 F.3d 1369, 1377 (Fed. Cir. 2005). With

respect to that request, the government opposes, but does not contend that such an order would be incorrect. Indeed, to the contrary, the government merely contends that the Court "need not" issue such an order, because the proposition has been conclusively settled by the Federal Circuit. Yet, for some reason, the government does not wish this Court to acknowledge that it intends to follow that binding precedent, nor for SCE to have the additional comfort that such a confirmation would provide.[1]

SCE does not understand the government's opposition to what SCE believed to be a simple and non-controversial request—indeed, a request for relief that the government admits is correct and dictated by binding precedent. The Restatement (Second) of Judgments, § 26(1)(b), cited by the Federal Circuit in *Indiana Michgan*, refers in part to the "court in the first action" — *i.e.,* this Court — expressly reserving the plaintiff's rights to maintain a second action for subsequently incurred damages. SCE agrees

[1] SCE suggests that concerns about relying upon government assurances regarding binding precedent are justified in these circumstances. For example, the Federal Circuit definitively held several years ago that DOE's performance failure here is not a "delay," as that term is used in the Standard Contracts. *Maine Yankee Atomic Power Company v. United States*, 225 F.3d 1336, 1341 (2000); *Northern States Power Company v. United States,* 224 F.3d 1361, 1366 (Fed. Cir. 2000). For many years and in many cases, the government did not contest liability. Yet, recently, the government has begun in other cases to intimate (although it has stopped short of actually arguing) that this very same performance failure by DOE is, in fact, a "delay" under those same Standard Contracts, for purposes of purported defenses under an "unavoidable delays" clause in the Contracts.

with the government that its right to maintain actions for subsequently incurred damages has been conclusively established by the Federal Circuit in *Indiana Michigan,* but respectfully suggests that a simple order to that effect by this Court is still appropriate.

## CONCLUSION

For the reasons stated above and in its prior motion, SCE requests that leave be granted for the filing of the proposed supplemental and amended complaint, pursuant to RCFC 15(a) and (d).

In addition, SCE requests that the Court issue an order confirming SCE's right to pursue in subsequent proceedings damages incurred after December 31, 2005, pursuant to the exceptions to the rules of merger and bar set out in the Restatement (Second) of Judgments, §§ 26(1)(b) and (e), as expressly adopted by the Federal Circuit in *Indiana Michigan*, 422 F.3d at 1377.

Respectfully submitted,

s/ Brad Fagg

Brad Fagg
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5191 – telephone
(202) 739-3001 – facsimile

Of Counsel:
Paul M. Bessette
MORGAN, LEWIS & BOCKIUS, LLP

Attorneys for Plaintiff
Southern California Edison Company

August 30, 2006

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 30th day of August, 2006, the foregoing was filed with the Court electronically, and service is thereby deemed to have been made upon all counsel of record.

s/ Brad Fagg