IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SOUTHERN CALIFORNIA EDISON COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-109C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION
TO MODIFY THE PROTECTIVE ORDER

Defendant respectfully requests that the Court modify the protective order entered in this case, so that the terms of the protective order in this case are the same as the terms of the protective order entered by the Court in PPL Susquehanna, LLC v. United States, No. 04-70C, on October 17, 2006. Counsel for plaintiff, Southern California Edison Company ("SCE"), represents that SCE does not oppose this request.

Defendant requests that the Court modify paragraph 2 of its provisional protective order to provide that documents designated for protection shall be stamped either with the specific language identified in paragraph 2 or with substantially similar language. During the coordinated discovery proceedings in which many of the spent nuclear fuel cases were

involved, as well as during discovery in many of the spent nuclear fuel cases that has occurred since the coordinated discovery proceedings concluded, the Government has stamped protected documents with language that is similar to, but not precisely the same, as that identified in paragraph 2 of the Court's provisional protective order in this case, using language such as "PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER." Because these documents have been made available across the spent nuclear fuel cases, and because they are currently available to spent nuclear fuel plaintiffs on the document production website that we have made available to them, it would constitute an undue burden to require us to revisit all of our prior document productions and add a new modified protective order legend to them. To allow the parties to rely upon the protective order legends that have already been embossed upon past document productions, and to preclude them from having to utilize different protective order legends in different spent nuclear fuel cases, defendant respectfully requests that the Court modify paragraph 2 to provide that a party may utilize protective order legend

language that is similar to, even if not precisely the same as, the language that the Court has identified in paragraph 2.

In addition, defendant has identified a discrepancy between the designated protective order legend language in paragraphs 2 and 6(b). Consistent with the prior request, we ask that the Court, in both paragraphs 2 and 6(b), permit the parties to stamp either the language identified in paragraphs 2 or 6(b) or similar language such as that identified above.

With regard to paragraph 3, defendant requests that the Court add the Department of Energy's Office of General Counsel ("DOE-OGC") and its personnel to the list of individuals who are admitted to the protective order. Although that office may fall within the order's grant of access to "legal counsel who are directly involved in this litigation," defendant prefers to make explicit DOE-OGC's right to access to protected material. That office is directly involved in assisting the Department of Justice in this litigation, and it would be a complete change in practice in the spent nuclear fuel cases to require attorneys and secretarial staff from DOE-OGC to complete protected material access declarations and have to provide them to opposing counsel.

Similarly, defendant requests that the Court add, in paragraph 3, personnel from the Office of Civilian Radioactive Waste Management at the Department of Energy ("DOE-OCRWM") to the list of persons admitted to the protective order. To date, the nuclear utility plaintiffs have sought to protect information not from the Government, but from the general public and, in some instances, from other nuclear utility personnel. However, the plaintiffs' concerns regarding access have not involved DOE-OCRWM personnel. Because DOE-OCRWM personnel may assist the Department of Justice in reviewing plaintiffs' damages submissions and providing technical assistance both in litigation and in settlement meetings, it would be useful to allow DOE-OCRWM personnel access to protected material, without the need for obtaining specific declarations from each DOE-OCRWM employee and having to provide them to opposing counsel. That being said, defendant typically limits the disclosure of protected material to DOE-OCRWM except where necessary. Nevertheless, it would pose an administrative burden to attempt to remember, as this case progresses, that defendant needs to provide declarations from DOE-OCWRM personnel each time that counsel for the Government, in only this case, utilizes the assistance of DOE-OCRWM personnel in analyzing the

plaintiff's claims here. For this reason, defendant respectfully requests that the Court add DOE-OCRWM personnel to the list of individuals admitted to the protective order.

For the foregoing reasons, defendant respectfully requests that the Court modify the protective order in this matter.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Marian E. Sullivan
MARIAN E. SULLIVAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0365
Fax: (202) 307-2503

November 2, 2006

Attorneys for Defendant

Certificate of Filing

I hereby certify that on the 2nd day of November 2006, a copy of the foregoing “DEFENDANT'S UNOPPOSED MOTION TO MODIFY THE PROTECTIVE ORDER” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Marian E. Sullivan