IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SOUTHERN CALIFORNIA EDISON COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-109C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

SUPPLEMENTAL PROTECTIVE ORDER

This order supplements the November 16, 2006 Final Protective Order issued by the Court in this Matter. Except as modified below, all provisions of the Final Protective Order remain in full force and effect. The Court hereby orders as follows:

Documents produced by non-party Transnuclear, Inc., in response to subpoenas served upon it by the parties to this action may be designated "Highly Confidential and Proprietary. Protected Material to Be Disclosed Only In Accordance With Protective Orders in Southern California Edison Company v. United States (Court of Federal Claims) (No. 04-109C). Not For Use in Other Spent Nuclear Fuel Cases." Such designation shall be made by affixing the foregoing language upon each page of the document produced. Deposition testimony regarding any highly confidential and

proprietary information contained in these documents may be placed under seal at the time of the deposition and accorded the same designation.

Notwithstanding subparagraph 3(g) of the Final Protective Order, documents and/or deposition testimony so designated may be disclosed to and/or used by attorneys for the plaintiffs in this matter only, rather than generally (as stated in subparagraph 3(g)) the "attorneys for plaintiffs in spent nuclear fuel cases in which the U.S. Court of Federal Claims has entered a protective order." Likewise, should the United States wish to use these documents in another spent nuclear fuel case, it will first seek Transnuclear's written permission and/or serve a subpoena upon Transnuclear in the specific case in which it wishes to use these documents.

In designating information as highly confidential and proprietary, and subject to this supplemental protective order, Transnuclear shall make such designation only as to the information that it believes in good faith (and that counsel for that party certifies) contains information entitled to the heightened protection described above. Any confidential information not requiring this heightened protection may be designated as "protected information" in accordance with the procedures outlined in the November

16, 2006 Final Protective Order.

Nothing contained in this protective order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of information consistent with this Supplemtal Protective Order and the Final Protective Order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

IT IS SO ORDERED.

LAWRENCE M. BASKIR
Judge