# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**SOUTHERN CALIFORNIA EDISON COMPANY**

Plaintiff,

v.

**UNITED STATES OF AMERICA**

Defendant.

Case No. 04-0109C

Judge Baskir

## JOINT STATUS REPORT

Pursuant to the Court's scheduling order dated June 5, 2006, as supplemented by the Court's orders dated July 24, 2007, and January 16, 2008, the parties respectfully file this joint status report.

Discovery in this action is, for the most part, complete, and the remaining discovery is expected to be completed within the next few weeks. To date, the Government has taken 21 depositions of current and former employees of plaintiff, as well as of third parties, over 29 deposition days. Plaintiff has produced over 100,000 pages of documentation to the Government, and responded to several hundred individual cost audit inquiries from the Government. Plaintiffs in the spent nuclear fuel cases have deposed 58 current or former Government employees and/or

contractors, in 104 depositions, totaling 149 days of testimony. While SCE has not taken any fact depositions in this matter, the transcripts of these depositions are available to SCE. The Government has also produced over two million pages of documents to the spent nuclear fuel plaintiffs.

The Government's expert reports and response to plaintiff's damages schedules are now due on March 7, 2008, and the parties expect to schedule the depositions of the Government's experts shortly thereafter. The parties expect that these will be the last depositions in the case.

Both parties believe that the Court should set a trial date and schedules for pre-trial submissions. The parties believe that trial of the matter will take approximately two full weeks.

1. Plaintiff's position. Plaintiff believes that the necessary pre-trial filings can be scheduled such that trial could occur by July 2008. Accordingly, plaintiff respectfully requests that the Court set a trial date as soon as practicable in or after July 2008.

Plaintiff requests that approximately one week of the trial occur in Southern California, where most of plaintiff's witnesses are located. The bulk of the fact witnesses in this case will be current or former Southern California Edison employees, located in Southern California. The government's typical practice in these spent fuel cases to date has been to

call two or three expert witnesses, who often are not even located in the Washington, D.C. area and for whom Southern California is therefore likely not a relative inconvenience, and perhaps a couple of former DOE personnel, who, again, are in many cases located in remote parts of the country and able to travel to California just as easily as Washington. The local proximity of some of the lawyers and the two or three current DOE employee witnesses who are likely to testify do not, plaintiff respectfully suggests, warrant holding the entire trial thousands of miles from where the bulk of the witnesses reside and from where the facility that is the subject of this action is located. Moreover, the Department of Justice certainly has access to its offices in Southern California, and the law firm for plaintiff's counsel of record also has an office there. Most documents can be transported on discs, and plaintiff believes that the logistical challenges of a trial in California are not insurmountable, nor even particularly daunting. It is common, if not routine, for this Court to hold proceedings in other parts of the country, and it is hard to imagine circumstances that would present a more compelling case than this one for doing so. Plaintiff of course defers to the Court's preferences in this regard, but respectfully suggests that the Court's unique role as a forum with national jurisdiction, and the only forum

in which Southern California Edison could bring this action, warrant holding a portion of the trial in Southern California.

Plaintiff is also likely to request that the Court conduct a site tour, which could be accomplished in conjunction with trial proceedings in Southern California.

2. Defendant's position.

The United States requests that trial be scheduled no earlier than the mid-November 2008 timeframe. The Government has several spent nuclear fuel cases scheduled for trial between now and November. The Government is scheduled to be in trial in Dominion Resources, Inc. v. United States, No. 04-83C (Fed. Cl.), and Dominion Resources, Inc. v. United States, No. 04-84C (Fed. Cl.), which have been consolidated for trial, from May 5 through May 16, 2008. The Dominion attorney trial team is substantially the same as the one expected to try the present case. The Government is also scheduled to be in trial in Dairyland Power Cooperative v. United States, No. 04-106 (Fed Cl.), between July 7 and July 18, 2008. Finally, we are scheduled to be in trial in Energy Northwest v. United States, No. 04-10 (Fed. Cl.), from October 20 through October 31, 2008.

The support staff that will assist the Government leading up to and during these trials is a common one, and therefore the Government would prefer to stagger its trial schedule so that two spent nuclear fuel trials are not ongoing at the same time, precluding the need to utilize new litigation support staff who would be less familiar with these cases than those who have been assisting us. For that reason, the Government would prefer that trial not be scheduled until mid-November, following the Energy Northwest trial already scheduled for October. However, should the Court desire an earlier trial date, the Government believes that a trial conducted between mid-August and mid-September would be achievable.

The Government disagrees that it would be practical to schedule trial in July 2008. Putting aside the fact that the Government already has a spent nuclear fuel trial set to take place in July before Chief Judge Damich, completing the necessary pretrial filings in time for a July trial would be difficult as well. As noted above, substantially the same Government attorney trial team expected to try this case is scheduled to try the Dominion cases in May. The same attorneys expected to try this case are also scheduled to take a number of depositions in Arizona Public Service Co. v. United States, No. 03-2832 (Fed. Cl.), in February, March, and April. Given these competing commitments, it would be difficult to build in

sufficient time for plaintiffs to file a pretrial memorandum, provide the Government sufficient time to file a response, and have the briefing completed far enough in advance to give the Court a meaningful opportunity to consider the filings in advance of trial in July. Additionally, the parties would need time to prepare and file exhibit lists and motions in limine. There is of course also time needed to actually prepare to conduct a trial before the Court, such as preparing witness examinations and an opening statement.

Further, the Government does not believe that it is practical to hold part of the trial in Southern California. In order to accommodate the plaintiff's witnesses, the Government's attorneys, consultants, and auditors made numerous trips to California during the course of discovery in this matter. For purposes of conducting an efficient trial, however, the Government believes that it would be beneficial to conduct the trial in Washington D.C., where both the Government and the plaintiff's attorneys are based. Conducting part of a trial of this scope at a different location would present logistical burdens, such as locating a venue to hold the trial, shipping hundreds of boxes of documents and equipment across the country (and then shipping them right back to be used for the second half of trial), as well as flying out the necessary support personnel to assist in

conducting the trial. Even if the Court deems it necessary to conduct a site tour, we believe that can be accomplished without moving proceedings to Southern California. However, although the Government believes that it will be far more efficient to conduct the entire trial at the Court of Federal Claims, we respectfully defer to the Court's judgment as to where to hold trial in this matter.

3. Status of other spent nuclear fuel cases. Pursuant to the Court's order dated July 24, 2007, attached as Exhibit A is a chart containing an update of the status of all other spent nuclear fuel cases.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch,

s/ Brad Fagg
Brad Fagg
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5191 – telephone
(202) 739-3001 – facsimile

Of Counsel:
Paul M. Bessette
MORGAN, LEWIS & BOCKIUS, LLP

Attorneys for Plaintiff
Southern California Edison Company

s/ Christopher J. Carney
CHRISTOPHER J. CARNEY
Trial Attorney
Commercial Litigation Branch,
Civil Division
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
(202) 305-7562 – telephone
(202) 305-7643 – facsimile

Of Counsel:
Marian E. Sullivan
Andrew P. Averbach
Lisa L. Donahue
Civil Division
Department of Justice
1100 L Street N.W.
Washington D.C. 20530
Attorneys for Defendant

February 22, 2008

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 22nd day of February, 2008, the foregoing was filed with the Court electronically, and service is thereby deemed to have been made upon all counsel of record.

s/ Brad Fagg